
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

NOV - 7 2019

CLERK, U.S. DISTRICT COURT
By_____
                Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ROBERTO CARLOS MARTINEZ-MENDOZA, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:19-CV-724-A |
| | § | (NO. 4:18-CR-186-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Roberto Carlos Martinez-Mendoza, movant, to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The court, having considered the motion, the government's response, the record in the underlying criminal case, No. 4:18-CR-186-A, and applicable authorities, finds that the motion should be denied.

I.

### Background

The record in the underlying criminal case reflects the following:

On August 7, 2018, movant was named in a one-count indictment charging him with illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a) and (b)(1). CR Doc.[1] 1. On September 6, 2018, movant appeared before the court with the

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:18-CR-186-A.

intent to enter a plea of guilty to the offense charged without benefit of a plea agreement. Movant and his attorney signed a factual resume setting forth the elements of the offense, the maximum penalty movant faced, and the stipulated facts supporting movant's guilt. CR Doc. 16. Under oath, movant stated that no one had made any promise or assurance of any kind to induce him to plead guilty. Further, movant stated his understanding that the guideline range was advisory and was one of many sentencing factors the court could consider; that the guideline range could not be calculated until the presentence report ("PSR") was prepared; the court could impose a sentence more severe than the sentence recommended by the advisory guidelines and movant would be bound by his guilty plea; movant was satisfied with his counsel and had no complaints regarding his representation; and, movant and counsel had reviewed the factual resume and movant understood the meaning of everything in it and the stipulated facts were true. CR Doc. 39.

The probation officer prepared the PSR, reflecting that movant's base offense level was 8. CR Doc. 20, ¶ 14. He received an eight-level enhancement because, before he was ordered deported or removed the first time, movant was convicted for a felony offense for which the sentence imposed was two years or more. Id. at ¶ 15. He received a two-level and a one-level

reduction for acceptance of responsibility. Id. at ¶¶ 21, 22. Based on a total offense level of 13 and a criminal history category of III, movant's guideline range was 18 to 24 months. Id. at ¶ 67. Movant filed an objection, CR Doc. 22, and the probation officer prepared an addendum to the PSR. CR Doc. 24. On December 21, 2018, movant was sentenced to a term of imprisonment of 30 months to be followed by deportation. CR Doc. 33. Movant appealed, CR Doc. 35, and his judgment was affirmed. United States v. Martinez-Mendoza, 774 F. App'x 260 (5th Cir. 2019).

II.

Ground of the Motion

Movant asserts one ground in support of his motion. Doc. 1 at PageID 4. He says:

> Because my indictment not allege a prior conviction, it charged only a violation of § 1326(A) so my 30 months sentence exceeds the 2 years statutory maximum.

Id. In support of this ground, he alleges:

> My guilty plea was UNKNOWING and INVOLUNTARY because I wasn't informed that the felony provision of 8 U.S.C. 1326(B)(1) stated an essential elemnt [sic] of the offense to which I was pleading, If I was informed I would ask my lawer [sic] to guided [sic] me in a different way or maybe go to trial, I know I did wrong actions in my past I know I have to pay for what I did but if you can see in my criminal background I paid for evrything [sic] I did in the past I am not contesting my new charge I agree to be punish [sic] but in a fair matter.

Id.

3

III.

## Standard of Review

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later

4

collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

IV.

Analysis

Issues raised and disposed of on appeal are not considered in § 2255 motions. United States v. Kalish, 780 F.2d 506, 508 (5th Cir. 1986). The only issue presented by the motion is the same as the issue raised on appeal, to wit:

> [Movant] contends that his guilty plea was not knowing and voluntary and that his sentence is unconstitutional because it exceeds the maximum sentence for the 18 U.S.C. § 1326(a) offense charged in the indictment.

Martinez-Mendoza, 774 F. App'x at 260. The issue cannot be relitigated here.

V.

Order

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby,

5

denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED November 7, 2019.

_____
JOHN McBRYDE
United States District Judge